UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-0152-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1967.[1] Plaintiff has a limited education and previously worked as an automotive detailer, molding utility worker, and molding supervisor. AR 28. Plaintiff filed an application for DIB and an application for SSI on November 28, 2018, alleging disability

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning October 1, 2018. AR 15. The applications were denied at the initial level and on reconsideration. On July 28, 2020, the ALJ held a telephonic hearing and took testimony from Plaintiff and a vocational expert (VE). AR 37–71. On September 1, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 15–30. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 7, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: spinal impairment(s), bilateral shoulder impairment(s), right elbow impairment(s), right wrist impairment(s) (including carpal tunnel syndrome and/or Dupuytren's contractures), mood disorder(s), anxiety disorder(s) (including post-traumatic stress disorder), and substance use disorder(s). AR 18. The ALJ also found that the record contained evidence of a non-severe impairment of non-malignant bladder tumor in 2019 and a non-medically determinable respiratory impairment. AR 18.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 19–20.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [H]e can reach bilaterally. He can frequently handle and finger with his right (non-dominant) upper extremity. He can occasionally stoop, crawl, and climb ladders, rope, and scaffolding. He can frequently climb ramps and stairs. He can understand, remember, and carry out simple instructions. He can exercise simple workplace judgment and can perform work that is learned on the job in less than thirty days by short demonstration and practice or repetition. He can respond appropriately to supervision and can have occasional superficial interaction with coworkers. He can work in jobs that require only occasional and superficial interaction or contact with the general public. He can deal with occasional changes in the work environment.

AR 20–21. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 28.

If a claimant demonstrates an inability to perform past relevant work, or has no past

ORDER
PAGE - 3

relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a garment sorter, laundry sorter, and bagger. AR 28–29.

Plaintiff argues that the ALJ's RFC is erroneous because the hypothetical presented to the VE, on whose opinion the ALJ relied, did not contain all of Plaintiff's limitations set forth in the ALJ's decision. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. VE Hypothetical**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR 96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony and the Dictionary of Occupational Titles (DOT), the ALJ concluded that Plaintiff was capable of performing the requirements of representative occupations such as garment sorter, laundry sorter, and bagger. AR 28–29.

Plaintiff argues that the ALJ erred by presenting a hypothetical to the VE that included no limitation on handling or fingering, yet the ALJ's RFC limited Plaintiff to "frequently handle and finger with his right (non-dominant) upper extremity." Dkt. 21, 7–8. "Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.'" *See Lewis v. Apfel*, 236

ORDER
PAGE - 4

F.3d 503, 517–18 (9th Cir. 2001) (citation omitted). Here, the ALJ found that "the vocational expert testified the representative occupations could all be performed by someone limited to frequent reaching in all directions." AR 29. Further, although the ALJ did not include handling and fingering limitations in the hypothetical presented to the VE, the ALJ also found that "the DOT indicates the representative occupations can be performed by someone limited to frequent handling and fingering (or even occasional fingering except for the occupation of bagger)." AR 29 (citing DOT 222.687-14 (garment sorter), DOT 361.687-014 (laundry sorter), and DOT 920.687-018 (bagger)). In addition to testimony of a VE, "[a]n ALJ may also use 'other resources, such as the "Dictionary of Occupational Titles," and its companion volumes and supplements, published by the Department of Labor.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting 20 C.F.R. § 404.1560(b)(2)). Because the ALJ relied on the DOT to determine that the ALJ could perform the representative occupations of garment sorter, laundry sorter, and bagger with his fingering and handling limitations, the ALJ did not err.

Even if the ALJ did err in failing to include the handling and fingering limitations in the hypothetical question posed to the VE, this error would be harmless. The Commissioner's DOT identifies all three jobs as requiring no more than frequent handling and fingering—indeed, both garment sorter and laundry sorter require no more than occasional fingering. *See* DOT 222.687-14, 361.687-014, 920.687-018. Therefore, the VE's answer to the ALJ's hypothetical question would not have been different even if the limitation to "frequent" handling and fingering had been included in the question posed. *See McGarrah v. Colvin*, 650 Fed Appx. 480, 481 (9th Cir. 2016) (finding harmless error where the ALJ failed to include a limitation to simple tasks in the VE hypothetical yet the identified occupations corresponded to "unskilled work"). Because any error in failing to include the limitation to "frequent" handling and fingering did not "negate the validity

ORDER
PAGE - 5

of the ALJ's ultimate conclusion," any error was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds*.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 20th day of December, 2021.

MARY ALICE THEILER
United States Magistrate Judge